THOMAS KANE & COMPANY *v.* SEFRIT ET AL.

[No. 2,567.   Filed October 25, 1898.]

EVIDENCE.—*Appellate Court Will Not Weigh.*—The Appellate Court will not weigh the evidence for the purpose of determining the preponderance thereof.  *p. 75.*

SAME.—*Bills and Notes.*—*Documentary Evidence.*—A chattel mortgage offered in evidence in a suit on a promissory note given for the purchase price of a gas engine, for the purpose of showing the value of the engine, was properly rejected, where the mortgage covered a large number of other chattels besides the gas engine, and no value was placed upon any specific article therein described.  *pp. 75, 76.*

From the Daviess Circuit Court.  *Affirmed.*

*Gaylord G. Barton,* for appellant.

*W. R. Gardiner* and *C. G. Gardiner,* for appellees.

HENLEY, C. J.—The appellant in this cause filed a complaint in one paragraph upon two promissory notes executed by appellees for a part of the purchase price of a certain gas engine.  Appellees answered in two paragraphs.  The first paragraph of answer averred that the notes were given without any

consideration; the second, that the gas engine purchased by appellees, and for which the notes in suit were executed in part payment, was not such an engine as appellant had warranted it to be; that the balance of the purchase price other than the two notes in controversy had been paid by appellees in cash; and that, on account of the defective working of the engine, which is particularly described in the answer, the said payment of $100 in cash was in fact a full consideration therefor; that appellant's warranty had failed, and appellees demanded judgment in their favor. A reply was filed, denying the material allegations of the answer. It was upon the issues thus formed that a jury in the lower court returned a general verdict in favor of appellees. Appellant moved for a new trial. The motion for a new trial was overruled, and judgment rendered in favor of appellees. The overruling of appellant's motion for a new trial is the only error properly assigned to this court. Under this specification of the assignment of errors, appellant's counsel argue two questions: First, it is contended that the verdict is not sustained by the evidence. We find from a careful reading of the evidence that it is very conflicting, and that much evidence was introduced supporting appellees' second paragraph of answer. The rule that this court will not weigh the evidence is too firmly established to require a citation of authorities to sustain it. It is next contended that the lower court erred in refusing to permit appellant to introduce in evidence certain chattel mortgages executed by these appellees to third parties to secure the payment of debts, in which mortgages the gas engine, together with a large amount of other chattels, were named as the mortgaged property. Appellant's counsel contend that these mortgages tended to prove that appellees had

mortgaged the gas engine mentioned in the second paragraph of answer at its full purchase price. In neither of the mortgages offered in evidence is any value placed upon any specific article therein described, and nowhere therein is any representation made as to the value of the gas engine included in the chattels mortgaged. We are unable to see how these mortgages, executed by appellees, in any manner placed a value upon the gas engine, or, for that matter, upon any one of the articles described therein. We think the lower court properly refused to admit them in evidence. We find no error. Judgment affirmed.